### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0046-CVE |
| | ) | |
| CURTIS LEON GANN, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue Pre-Trial Conference and Related Dates (Dkt. # 16).  Defendant is charged with being a felon in possession of firearms and ammunition (count one), distribution of methamphetamine (count two), and possessing an unregistered weapon made from a shotgun (count three).  Dkt. # 6.  Defendant requests a 45-day continuance of the pretrial conference currently set for May 6, 2014, and "a new schedule of dates for the filing of motions, responses, trial briefs, suggested voir dire, and jury instructions and jury trial."  Dkt. # 16, at 1.  The government does not oppose defendant's motion.  Defendant has executed a speedy trial waiver.  Dkt. # 17.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

A superseding indictment was returned against defendant on April 9, 2014. Dkt. # 6. Defendant was arraigned on April 10, 2014. Dkt. # 10. Counsel for defendant has interviewed Gann, but believes that "further investigation is necessary to present a defense and prepare for trial." Dkt. # 16, at 2. Specifically, counsel believes that he "needs to acquire medical records associated with the arrest" and needs to interview witnesses. Id. Defendant requests a continuance so that counsel for defendant may have a reasonable time to prepare for trial and to avoid a miscarriage of justice. Id. at 3.

The Court has considered defendant's motion for a continuance and finds that defendant's request is reasonable.  Defendant's counsel requires additional time to investigate this case, interview witnesses, acquire medical records, and prepare for trial.  Considering all of these factors and the severity of the charges against the defendant, the Court finds that the trial of this matter should be continued to the July 2014 jury trial docket.  In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Pre-Trial Conference and Related Dates (Dkt. # 16) is **granted**.  The jury trial set for May 12, 2014 at 9:15 a.m. is **stricken**.  The pretrial/motions hearing set for May 6, 2014, at 10:00 a.m. is **stricken**.  The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 17, 2014 |
| Responses due: | July 1, 2014 |
| **PT/CP/Motions Hearing:** | **July 8, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | July 21, 2014 |
| **Jury Trial:** | **July 28, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between May 12, 2014 and July 28, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 25th day of April, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3