UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0046-CVE |
| | ) | |
| CURTIS LEON GANN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's oral motion to continue the trial of this matter to the August 2014 jury trial docket. Defendant requests a continuance of the jury trial set for July 28, 2014. Defendant is charged with being a felon in possession of firearms and ammunition (count one), distribution of methamphetamine (count two), and possessing an unregistered weapon made from a shotgun (count three). Dkt. # 6. At the pretrial hearing on July 9, 2014, defendant orally requested a continuance of the jury trial. The government does not oppose defendant's motion. Defendant has executed a speedy trial waiver. Dkt. # 25. A previous motion to continue (Dkt. # 16) was granted on April 25, 2014. Dkt. # 18.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has considered defendant's oral motion for a continuance and finds that defendant's request is reasonable for the reasons described during the sealed portion of the pretrial hearing. Considering all of these factors and the severity of the charges against the defendant, the Court finds that the trial of this matter should be continued to the August 2014 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's oral motion for a continuance is **granted**. The jury trial set for July 28, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **August 4, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | August 11, 2014 |
| **Jury Trial:** | **August 18, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between July 28, 2014 and August 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 9th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE